**FILED**

**November 7, 2016**

**IN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 1:32 PM**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KNOXVILLE

| | | |
|---|---|---|
| JEWEL GUNNELS, | ) | Docket No.: 2016-03-0261 |
| Employee, | ) | |
| v. | ) | State File No.: 13697-2016 |
| WALGREENS CO., | ) | |
| Employer. | ) | Judge Pamela B. Johnson |

## EXPEDITED HEARING ORDER

This matter came before the undersigned Workers' Compensation Judge on October 19, 2016, upon the Request for Expedited Hearing filed by the Employee, Jewel Gunnels, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The central legal issue is whether Ms. Gunnels sustained an injury on February 22, 2016, arising primarily out of and in the course and scope of employment with the Employer, Walgreens Company.[1] For the reasons set forth below, the Court finds Ms. Gunnels failed to demonstrate that she is likely to prevail at a hearing on the merits that her injury arose primarily out of and in the course and scope of her employment.[2]

### History of Claim

The following facts were established through the evidence presented during the Expedited Hearing. Ms. Gunnels is a sixty-seven-year-old resident of Knox County, Tennessee and worked for Walgreens as a beauty advisor. On February 22, 2016, she completed her workday and went to the back of the store to the time clock when she fell and broke her hip. The parties dispute the mechanism of injury and whether her fall was idiopathic in nature.

In the Petition for Benefit Determination (PBD), Ms. Gunnels asserted, "I was at

---

[1] The parties agreed to limit the issue to whether Ms. Gunnels's injury arose primarily out of and in the course and scope of her employment and reserved the remaining issues asserted on the Dispute Certification Notice for determination at a later hearing.

[2] The attached Appendix contains a complete listing of the Technical Record and Exhibits admitted during the Expedited Hearing.

work and fell and broke hip." (T.R. 1.) In her Affidavit, she stated, "Feb.22, 2016 was at work and was fixing to clock out and right before I got to time clock I fell and broke my hip[.] I do not know why I fell my legs was not hurting and I did not twist my feet together[.]" (Ex. 1.)

During the hearing, Ms. Gunnels testified she walked toward the time clock and, while speaking to Chris Laisy, the Assistant Store Manager, and "Brittany" in the office, she fell.[3] She indicated Mr. Laisy came out of the office and assisted her. She said she tried to use her left foot to help Mr. Laisy lift her, but her left foot kept sliding on the tile floor. She said she did not know of anything on the floor. Except for the purported slippery floor, she testified that she did not know of any reason that her left foot slid when she tried to stand from her fall. She admitted that she never informed Walgreens of a slippery floor.

Ms. Gunnels denied any prior difficulties gaining traction on the tile floor or while wearing the same shoes. She also denied that her legs buckled or were hurting immediately before or at the time of her fall. She further denied saying her right foot stopped working as noted on the First Report of Work Injury. (Ex. 3.)[4] She testified, "I don't know what happened; it happened so fast."

Mr. Laisy testified he did not see Ms. Gunnels fall but heard her exclaim when she fell. He indicated that he and Ms. Gunnels were probably talking, sharing general goodbyes. He confirmed he went to her and assisted her into a wheelchair. He denied seeing anything on the floor around her. He further denied any difficulty getting traction on the floor.

During the Expedited Hearing, Ms. Gunnels asserted she fell, sustaining injury, due to the employment hazard of a slick floor and the distraction of her conversation with management. She argued her fall and resulting injury arose primarily out of and in the course and scope of her employment. Walgreens countered that Ms. Gunnels failed to meet her burden of proof because she could not state what caused her to fall. It claimed her fall was idiopathic in nature and, thus, not compensable. Walgreens denied that her purported distraction was peculiar to or a hazard of her employment.

**Motion to Dismiss**

Prior to the Expedited Hearing, Walgreens moved to dismiss Ms. Gunnels' s PBD.

---

[3] Mr. Laisy testified that he was not familiar with an employee named "Brittany" and indicated that Ms. Gunnels was likely referring to Tabitha Snyder, another member of Walgreen's management team.

4 Mr. Laisy testified that he placed a call to Sedgwick Claims to report the incident. He testified he assumed Sedgwick prepared the First Report of Work Injury from his conversation. He testified he did not have personal knowledge that Ms. Gunnels said her right foot stopped working. He assumed that he paraphrased her statement from conversations with others. He denied seeing the First Report of Work Injury prior to the Expedited Hearing.

2

Ms. Gunnels did not file a response. The Court informed the parties that it would hear arguments on the Motion to Dismiss immediately prior to the Expedited Hearing.

In its motion, Walgreens argued this Court should dismiss Ms. Gunnels's PBD for both procedural and substantive deficiencies. As to the procedural deficiencies, Walgreens argued that Ms. Gunnels filed her Request for Expedited Hearing (REH) on May 9, 2016, but it did not receive it for three days. Walgreens also argued Ms. Gunnels's REH did not include an Affidavit and it did not receive her Affidavit until it received a copy of the final Dispute Certification Notice (DCN) issued by the Mediation Specialist eight days later. Walgreens additionally argued that it had not agreed to the dates listed on the REH as required. Finally, it argued that Ms. Gunnels did not request a hearing within sixty days of issuance of the DCN. As to the substantive deficiencies, Walgreens argued Ms. Gunnels's Affidavit is insufficient to satisfy her burden of proof at the Expedited Hearing. Walgreens averred, per her Affidavit, Ms. Gunnels's does not know why she fell. It further argued Ms. Gunnels's own sworn testimony supports that her injury was idiopathic in nature and consequently not compensable.

In response, Ms. Gunnels argued the Court should deny the motion. As to the alleged procedural deficiencies, she asserted that courts traditionally give deference to self-represented litigants for procedural errors in pleadings, especially when there is no prejudice to the other party. She further asserted that this Court should not elevate form over substance. As to the alleged substantive deficiencies, she averred an employment hazard existed because she walked across a slick floor while distracted by a conversation with her supervisor.

With regard to the procedural deficiencies, this Court finds Ms. Gunnels filed her REH *before* the issuance of the DCN, well before the sixty-day deadline to file, and Walgreens received service of the REH three days thereafter.[5] Although Walgreens received Ms. Gunnels's REH without an affidavit, it received the affidavit with a copy of the DCN filed by the Mediation Specialist within eight calendar days of Ms. Gunnels's REH filing. Upon filing her REH, prior to the issuance of the DCN, this Court finds Ms. Gunnels satisfied the requirements of section 50-6-239(a) and Rule 0800-02-21-.14(1)(a). This Court further finds Ms. Gunnels's failure to provide agreed-upon hearing dates on the face of her REH do not merit dismissal of her claim. Accordingly, this Court concludes that Ms. Gunnels's PBD should not be dismissed for any procedural deficiencies that may exist. *See Johnson v. Wal-Mart Assocs., Inc.*, No. 2014-06-0069, 2015 TN Wrk. Comp. App. Bd. LEXIS 18 (Tenn. Workers' Comp. App. Bd. July 2, 2015); *Smith v. The Newman Grp.*, No. 2015-08-0075, 2015 TN Wrk. Comp. App. Bd.

---

[5] Rule 0800-02-21-.09 of the Tennessee Compilation Rules and Regulations provides in part, "Copies of a petition for benefit determination, request for hearing, request for appeal and any other documents filed with the [bureau], the court of workers' compensation [claims] and appeals board shall be served upon all parties to the dispute or upon their attorneys, if represented. Service must be accomplished either before the filing with the [bureau] or within a reasonable time thereafter."

LEXIS 30 (Tenn. Workers' Comp. App. Bd. Sept. 21, 2015).

As for the substantive deficiencies asserted by Walgreens. Walgreens moved to dismiss Ms. Gunnels's PBD, arguing her Affidavit is insufficient to satisfy her burden of proof at the Expedited Hearing. This Court disagrees and finds that Ms. Gunnels's Affidavit is compliant with Rule 0800-02-21-.14(1)(a). The Affidavit, along with the PBD, DCN, and the record as a whole, demonstrates Ms. Gunnels believes herself entitled to benefits and provides notice to Walgreens of the facts being asserted, thereby affording it an opportunity to prepare for the hearing or otherwise respond to the claim. Under these circumstances, this Court will not elevate form over substance by dismissing Ms. Gunnels's PBD based upon the information, or alleged lack thereof, contained in her affidavit. *See Silas v. Brock Services,* No. 2014-02-0013, 2015 TN Wrk. Comp. App. Bd. 35, at *9 (Tenn. Workers' Comp. App. Bd. Oct. 2, 2015). Therefore, this Court denies Walgreens's Motion to Dismiss.

## Findings of Fact and Conclusions of Law

The Court now turns to the legal principles it must apply to grant or deny Ms. Gunnels the benefits she requests. Ms. Gunnels need not prove every element of her claim by a preponderance of the evidence in order to recover temporary disability and/or medical benefits at an Expedited Hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2015).

This lesser evidentiary standard does not relieve Ms. Gunnels of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an Expedited Hearing, but "allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). In analyzing whether she met her burden, the Court will not remedially or liberally construe the law in her favor, but instead shall construe the law fairly, impartially, and in accordance with basic principles of statutory construction favoring neither Ms. Gunnels nor Walgreens. *See* Tenn. Code Ann. § 50-6-116 (2015).

In the present case, Walgreens argued that Ms. Gunnels's fall and resulting injuries did not arise primarily out of her employment, but instead argued that her fall and injuries were idiopathic. "An idiopathic injury is one that has an unexplained origin or cause, and generally does not arise out of the employment unless some condition of the employment presents a peculiar or additional hazard." *Veler v. Wackenhut Servs.*, No. E2010-00965-WC-R3-WC, 2011 Tenn. LEXIS 78, at *9 (Tenn. Workers' Comp. Panel

4

Jan. 28, 2011). "An injury that occurs due to an idiopathic condition is compensable if an employment hazard causes or exacerbates the injury." *McCaffery v. Cardinal Logistics*, No. 2015-08-0218, 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at \*10 (Tenn. Workers" Comp. App. Bd. Dec. 10, 2015). *See also English v. G4S Secure Solutions, et al.,* No. 2016-05-0261, 2016 TN. Wrk. Comp. App. Bd. LEXIS 48 (Tenn. Workers' Comp. App. Bd. Sept. 27, 2016).

"'Cause' in this context is not 'proximate cause' as used in the law of negligence; rather, 'cause' means that the accident originated in the hazards to which the employee was exposed as a result of performing his or her job duties." *Frye v. Vincent Printing Co., et al.*, No. 2016-06-0327, 2016 TN. Wrk. Comp. app. Bd. LEXIS 34, at \*12 (Tenn. Workers' Comp. App. Bd. Aug, 2, 2016). "The focus is on the causal link between the employment and the accident or injury, rather than a causal link between the employment and the idiopathic episode." *Id.* at \*13-14. "An accidental injury arises out of employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Id.*

Here, Ms. Gunnels offered several explanations for the cause of her fall. In her PBD, Ms. Gunnels asserted, "I was at work and fell and broke hip." (T.R. 1.) In her Affidavit, she stated, "I do not know why I fell my legs was not hurting and I did not twist my feet together[.]" (Ex. 1.) During the hearing, Ms. Gunnels testified, while speaking to Mr. Laisy and "Brittany" in the office, she fell. She said while trying to use her left foot to help Mr. Laisy lift her after her fall, her left foot kept sliding on the tile floor, but she did not know of anything on the floor.

Although this Court finds Ms. Gunnels to be credible, this Court holds talking and/or listening while walking across a floor free of any identified substance or debris is not a hazard peculiar or incident to her employment with Walgreens. Accordingly, this Court concludes Ms. Gunnels failed to sufficiently demonstrate that she is likely to prevail at a hearing on the merits that her injury arose primarily out of and in the course and scope of her employment.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Gunnels's claim against Walgreens is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on **January 12, 2017**, at **9:30 a.m. Eastern Time**. The parties must call 865-594-0091or 855-543-5041 toll free to participate in the Initial Hearing. Failure to appear by telephone may result in a determination of the issues without the parties' further participation.

5

**ENTERED** this the 7th day of November, 2016.

<br>

**HON. PAMELA B. JOHNSON**
**Workers' Compensation Judge**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.00. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation

6

Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Technical Record:
- Petition for Benefit Determination, filed March 23, 2016;
- Request for Expedited Hearing, filed May 9, 2016;
- Dispute Certification Notice, filed May 17, 2016;
- Employer's Response to Employee's Request for Expedited Hearing, filed May 26, 2016;
- Motion to Dismiss, filed August 3, 2016;
- Witness and Exhibit List, filed September 21, 2016;
- Notice of Filing of Wage Statement, filed September 27, 2016; and
- Agreed Order of Continuance, entered October 6, 2016.

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Exhibits:
- EXHIBIT 1: Affidavit of Jewel Gunnels;
- EXHIBIT 2: Wage Statement, Form C-41;
- EXHIBIT 3: First Report of Work Injury, Form C-20; and
- EXHIBIT 4: (Marked for Identification Only) - Notice of Denial of Claim for Compensation, Form C-23.

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 7th day of November, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Matthew Hollingshead-Cook, Employee's Attorney | | | X | matt@mhcooklaw.com |
| Alyssa Minge, Employer's Attorney | | | X | alyssa.minge@leitnerfirm.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov

9